## CIVIL MINUTES – GENERAL

Case No.  8:19-cv-01694-JLS-KES                    Date: March 24, 2020
Title: Yasamin Younesi v. Mohammad Sadoughi et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|      Terry Guerrero       |            N/A       |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                       Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER TO SHOW CAUSE RE:
                              DISMISSAL**

In this action, Plaintiff Yasamin Younesi brings nine state-law tort claims against Defendants Mohammad Sadoughi and Masoomeh Djodeir.  (*See* FAC, Doc. 27.)  Each of those claims, at its heart, arises from Plaintiff's allegation that Mr. Sadoughi "fraudulently induced Plaintiff's father, Mr. Hamid Mohammadi Jamali ('Mr. Jamali'), to invest in [Mr. Sadoughi's] company, Greenland Farms, Inc. ('Greenland')" in order to obtain immigration benefits for Mr. Jamali's family.  (*Id.* ¶ 2.)  The FAC states:

> Plaintiff, Ms. Yasamin Younesi, is a resident of [the] state of Maryland. She is the daughter of Mr. [] Jamali. Mr. Jamali assigned his rights relating to the facts and claims in this complaint to Plaintiff.

(*Id.* ¶ 6.)  But "it is well settled in [California] that a purely tort claim is not assignable." *Pac. Gas & Elec. Co. v. Nakano*, 12 Cal. 2d 711, 713 (1939); *see also* Pony v. Cty. of Los Angeles, 433 F.3d 1138, 1143 (9th Cir. 2006); *Franklin v. Franklin*, 67 Cal. App. 2d 717, 726 (1945) ("Wrongs done to the person . . . constitute the exception to the general rule that choses in action are assignable."); *Goodley v. Wank & Wank, Inc.*, 62 Cal. App. 3d 389, 398 (Ct. App. 1976) ("assignment of a bare right to complain of fraud is contrary to public policy").

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01694-JLS-KES                    Date: March 24, 2020
Title: Yasamin Younesi v. Mohammad Sadoughi et al.

Accordingly, Plaintiff is ordered to show cause, in writing, **within fourteen (14) days** of the date of this Order, why this case should not be dismissed owing to her lack of standing to bring the claims presently asserted.  *Cf. B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing.").  Within **seven (7) days thereafter**, Defendants may file a responsive brief on the issue.  There shall be no further briefing on the matter, and the parties' briefs shall not exceed **ten (10) pages**.  The hearing on Defendants' Motion to Dismiss Plaintiff's FAC, currently set for March 27, 2020, at 10:30 a.m. is VACATED.  The Court will re-set the Motion for hearing if necessary.

Initials of Preparer: tg